UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIVIERA PRODUCE CORP.,

      Plaintiff,

-against-

HQNC PARENT INC., formerly known as KETTLEBELL KITCHEN INC. and JOSE LOPEZ-GALLEGO,

      Defendants.

Case No.: 19-cv-10564

**COMPLAINT (to Enforce Payment From PACA Trust)**

RIVIERA PRODUCE CORP/ (hereinafter referred to as "Riviera" or "plaintiff"), for its complaint against defendants, alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA" or the "Act"), 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that the defendant is incorporated within this District and the substantial events giving rise to the plaintiff's claims arose in this District.

3. The perishable agricultural commodities were sold and delivered to the defendants within this District.

## PARTIES

4. The defendant is a New York Corporation, with a place of business at 161 Grand Street, PH A, New York, New York 10013.

1

5. The defendant, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including New York.

6. The defendant is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually.

7. Upon information and belief, the individual defendant, Jose Lopez-Gallego, ("Jose" or "individual defendant"), at all times herein mentioned was and is a resident of New York and the principal officer, director and shareholder of defendant and a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made from the sales of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

8. Upon information and belief, the individual defendant, Jose, is and was an officer, director and/or shareholder of defendant during and prior to the period of time in question, who upon information and belief, controlled the operations of defendant and was in a position of control over the PACA trust assets.

## GENERAL ALLEGATIONS

9. This action is brought to enforce the trust provisions PACA, 7 U.S.C. §499e(c).

10. Between on or about June 4, 2019 through September 6, 2019 plaintiff sold and delivered to the defendant wholesale quantities of produce in the aggregate principal amount of $44,179.15.

11. Pursuant to the contract between the parties, the produce was sold and delivered.

12. In accordance with the contract, plaintiff, Riviera, delivered the produce to the defendant.

13. The defendant has failed to pay for the produce when payment was due, despite repeated demands, and presently owes the plaintiff the principal amount of $44,179.15 for produce delivered to defendant.

14. At the time of receipt of the produce, the plaintiff, Riviera, became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds comingled with funds from other sources and all assets procured by such funds, in the possession or control of the defendants since the creation of the trust.

15. Plaintiff preserved its interest in the PACA trust by including the statutory language to do so on its invoices delivered to the defendant and remains a beneficiary until full payment is made.

16. The defendant's failure, refusal and/or inability to pay the plaintiff indicates that the defendants are failing to maintain PACA assets in the statutory trust freely available to pay the plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS
### (INJUNCTIVE RELIEF)

17. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "16" above as if fully set forth herein.

18. The defendants failure to make payment to plaintiff, Riviera, of trust funds in the amount of $44,179.15 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

19. Pursuant to PACA and the prevailing cases, plaintiff is entitled to injunctive relief against the defendants enjoining and restraining them and their agents from dissipating trust assets belonging to the plaintiff and requiring them to turn over to the plaintiff any and all PACA trust assets in their possession or in the possession of third-parties.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## (FAILURE TO PAY)

20. Plaintiff, Riviera, incorporates each and every allegation set forth in paragraphs "1" to "19" above as if fully set forth herein.

21. Defendants received each of the produce shipments upon which this action is based.

22. The defendant is required to promptly tender to the plaintiff full payment for those shipments pursuant to the PACA.

23. The defendant has failed and refused to pay for the produce supplied by plaintiff within the payment terms agreed to between the parties.

24. As a direct and proximate result of the defendants' failure to pay promptly, the plaintiff has incurred damages in the amount of $44,179.15, plus interest, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT, JOSE
## (UNLAWFUL DISSIPATION OF TRUST
## ASSETS BY A CORPORATE OFFICIAL)

25. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "24" above as if fully set forth herein.

4

26. Defendant, Jose, is an officer, director and/or shareholder who operated defendant during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff.

27. Defendant, Jose, failed to direct defendant to fulfill his statutory duty to preserve PACA trust assets and pay the plaintiff for the produce it supplied.

28. Defendant, Jose's, failure to direct defendant to maintain PACA trust assets and to pay the plaintiff, Riviera, for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

29. As a result of said unlawful dissipation of trust assets the plaintiff has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

30. As a direct and proximate result, the plaintiff, Riviera, has incurred damages in the amount of $44,179.15, plus interest, costs and attorneys' fees.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

A. On the first cause of action against defendants an order enjoining and restraining the defendants from dissipating trust assets and to turnover any and all PACA trust assets in their possession;

B. On the second cause of action against defendant in the sum of $44,179.15, plus interest, costs and attorneys' fees;

C. On the third cause of action against defendant, Jose, in the sum of $44,179.15, plus interest, costs and attorneys' fees;

D. On the fourth cause of action against defendants in the sum of $44,179.15, plus interest, costs and attorneys' fees; and

E. Such other and further relief as the court deems just and proper.

Dated this 14th day of November, 2019

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\General\Riviera Produce\v. Kettlebell #19-20\Complaint.USETHISwpd.wpd